IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,
ELENA PORTNOY,

    Plaintiffs,                   No. CIV S-08-1266 MCE GGH PS

  vs.

UNITED STATES OF AMERICA,          ORDER
CHARLES H. DEMORE,

    Defendants.

_____/

        Plaintiffs, proceeding in this action pro se, have each requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiffs have submitted separate affidavits making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, their requests to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

The "Complaint for Damages" sets forth the following factual allegations. Elena Portnoy (then Elena Kudinova and a citizen of Georgia) entered the United States in 1998 on a nonimmigrant visitor visa. She was, at the time, in a common law marriage with Andrei Stadnikov. Elena obtained an extension of her visa and then sought another. While the latter was pending, Elena married Sergei Portnoy, a U.S. citizen, on March 17, 2000. On April 10, 2000, Sergei filed a petition for immediate relative status for Elena. On October 9, 2000, the INS, apparently in response to the pending extension request, found that Elena had materially "misrepresented herself in order to enter and receive benefits from the United States," and denied her "the right to extend her rights to work." On April 10, 2001, following an interview of Elena by the Immigration and Naturalization Service ("INS") (now U.S. Citizenship and Immigration Services ("USCIS")), the INS "demand[ed] a petition and final divorce decree between Elena Kudinova and Andrei Stadnikov." Unable to provide such evidence due to the common law nature of the relationship, Elena and Sergei obtained Elena's INS file pursuant to the Freedom of Information Act and sent letters to INS District Director Charles Demore, the Senate Immigration Committee, the Chief Justices of the Immigration Court, the Attorney General, Supreme Court Justice William Rehnquist and President George Bush. Although plaintiffs provide no dates for the following, they state that the "Immigration Court (not INS) started removal proceding [sic]" and, based upon "INS' . . . false reason for removal," seized Elena's passport. Elena filed an appeal with the Immigration Board of Appeals, which affirmed the decision of the Immigration Court. Elena then filed an appeal with the Ninth Circuit (apparently unsuccessful) and an application for naturalization with the INS, which was denied.

Plaintiffs seek "total monetary damages equal [to] $115-000 - $120,000 on December 31, 2008," based on alleged violations of their rights under the Fourth, Fifth, Seventh and Fifteenth Amendments to the U.S. Constitution, the Immigration Nationality Act, the "Process of Naturalization," and the Freedom of Information Act. Only their Fifteenth Amendment claim is clearly articulated; it is based upon the denial of Elena's purported right to

vote in the November 2004 and November 2008 Presidential elections.  All other claims are merely listed on the first page of the complaint.

The instant complaint is very similar to another complaint filed by these plaintiffs in this court in 2005.  See Portnoy v. United States of America, Civ. No. 05-0649 DFL KJM PS. In that case, the court dismissed plaintiffs' challenge to Elena's final removal order (based on lack of jurisdiction because the challenge had been properly filed and was then pending with the Circuit Court of Appeals, 8 U.S.C. § 1252), and granted summary judgment to defendants on the following remaining claims:  plaintiffs' challenge to INS' denial of Sergei's 2000 petition to accord immediate relative status to Elena, and denial of Elena's companion application to become a lawful permanent resident, based on res judicata and failure to exhaust administrative remedies;[1] plaintiffs' challenge to the denial of Elena's application for naturalization, based on de novo review demonstrating her failure to provide evidence she was lawfully admitted for permanent residency, the statutory prerequisite for naturalization (8 U.S.C. § 1427(a));[2] plaintiffs' Fifteenth Amendment claims because voting in federal elections is predicated on Elena's naturalization; and plaintiff's claims under the Freedom of Information Act

---

[1] "The petition and application were denied in July 2001, because plaintiffs failed to provide evidence of a divorce from the husband to whom plaintiff Elena Portnoy indicated she was married when she applied for a visa to enter the United States. AR 40-43, 159-162.  The arguments raised by plaintiffs in the instant action have been fully adjudicated by plaintiffs in an action they filed in the Northern District of California, Portnoy v. United States, No. C-03-4238 MJJ slip op. (N.D. Cal. Mar. 9, 2005). AR 151-172.  This claim therefore is barred under the principles of res judicata.  Moreover, plaintiffs never provided the requested information, did not file a waiver application, did not file a motion to reopen and did not file a new petition. 8 C.F.R. § 103.5(a).  Plaintiffs thus have failed to exhaust their administrative remedies, as required. Defendants are entitled to summary judgment on this claim."  Portnoy v. United States of America, Civ. No. 05-0649 DFL KJM PS, Doc. 31 at p. 2.

[2] "Plaintiffs also allege a claim in connection with the denial of plaintiff Elena Portnoy's application for naturalization.  AR 173-182.  The application was denied because plaintiff failed to provide evidence she was lawfully admitted for permanent residence. AR 205-206.  Reviewing the record de novo, the court finds no error in the denial of plaintiff's application for naturalization.  See 8 C.F.R. § 336.9(c). Plaintiff cannot overcome her failure to establish the statutory prerequisite of being lawfully admitted to the United States as a permanent resident. 8 U.S.C. § 1427(a)."  Portnoy v. United States of America, Civ. No. 05-0649 DFL KJM PS, Doc. 31 at p. 2.

for failure to identify the allegedly withheld information. See Portnoy v. United States of America, Civ. No. 05-0649 DFL KJM PS (Document No. 31 and No. 32); affirmed on appeal by the Ninth Circuit (Document No. 38).

The court recommends that this action be dismissed due to lack of subject matter jurisdiction. Plaintiffs seek only monetary damages but assert no cognizable basis for maintaining a damages action against the United States.

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity. Where, as here, the claim against the United States does not rest upon a contract and is not for return of money paid to the government, the entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. Moreover, a waiver of sovereign immunity cannot be implied but must be unequivocally expressed. The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (citations, internal quotations and fn. omitted).

Plaintiffs do not direct the court to any statute authorizing a damages action under the Immigration Nationality Act, the Freedom of Information Act, or the referenced "Process of Naturalization," and the court is unaware of any authority that would timely and substantively support plaintiffs' suit over matters that have not already been addressed by this court and the Ninth Circuit. Plaintiffs do not, for example, state a claim under the Federal Tort Claims Act, 20 U.S.C. § 2675,[3] or the Civil Rights Act, 42 U.S.C. § 1983 (which authorizes money damages for

---

[3] "Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. . . . We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted).

federal constitutional violations only by state actors acting under color of state law);[4] nor do they demonstrate entitlement to a recognized Bivens-type remedy (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), authorizing a limited range of suits against federal officials for violation of an individual's federal constitutional rights).

Plaintiffs' complaint must therefore be dismissed. However, given the liberal construction of pro se pleadings required of this court,[5] plaintiffs will be permitted one opportunity to amend their complaint in order to state a cognizable claim against proper defendant(s)[6] that has not previously been decided by this court. Cf., Portnoy v. United States of America, Civ. No. 05-0649 DFL KJM PS. Failure timely to file an amended complaint or to state a cognizable action will result in this court's recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The applications of plaintiffs Sergei Portnoy and Elena Portnoy to proceed in forma pauperis, filed June 6, 2008 (Doc. No. 2), and August 18, 2008 (Doc. No. 4), respectively, are granted;

\\\\\
\\\\\
\\\\\

---

[4] "Actions of the federal government and its officials are beyond the purview of section 1983. . ." Benson v. U.S., 969 F. Supp. 1129, 1135-1136 (N.D. Ill. 1997), citing District of Columbia v. Carter, 409 U.S. 418, 423-25, 93 S.Ct. 602 (1973).

[5] See, e.g., Abassi v. I.N.S., 305 F.3d 1028, 1032 (9th Cir. 2002), citing Bretz v. Kelman, 773 F.2d 1026, 1027, n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"); Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984) ("This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants").

[6] The court further notes that Charles H. Demore is no longer INS District Director. Moreover, a suit against the District Director in his or her official capacity is a suit against the United States and subject to the same constraints noted above.

2. The complaint is dismissed with leave to file, within twenty days of the filing date of this order, an amended complaint that states a valid claim for relief.

SO ORDERED.

DATED: 09/09/08                              /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Portnoy1266.ifp